**MAGISTRATE'S CRIMINAL MINUTES**

**ARRAIGNMENT**
    **PLEA AND**
        **SENTENCE**



Time in Court: __1__ Hrs __0__ Min

Filed in Open Court:     Date: __03/13/2026__    Time: __11:08__    Tape: __FTR__

Magistrate (presiding): __J. Elizabeth McBath__     Deputy Clerk: __Neethu Varghese__   **Exhibits Yes** ☑    **No** ☐

Case Number:   1:26-CR-00066

AUSA:   Cathelynn Tio

USPO/PTR:   J. Bowers

Defendant's Name: Kemith Calvin

Defendant's Attorney: Crystal Bicc

Type Counsel: ( ) Retained ( ) CJA ( **X** ) FPD

_____ ARREST DATE: _____

_____ INTERPRETER: _____

_____ INITIAL APPEARANCE HEARING. ( ) In THIS DISTRICT     Dft in custody? ( ) Yes    ( ) No

_____ Defendant advised of right to counsel.    ( ) WAIVER OF COUNSEL filed.

_____ ORDER appointing Federal Defender Program as counsel. ( ) INITIAL APPEARANCE ONLY.

_____ ORDER appointing _____ as counsel.

_____ ORDER giving defendant _____ days to employ counsel (cc: served by Mag CRD)

_____ Dft to pay attorney fees as follows: _____

_____ INFORMATION/COMPLAINT filed.          WAIVER OF INDICTMENT filed.

_____ Copy indictment/information given to dft? ( X ) Yes   ( ) No    Read to dft? ( ) Yes   ( ) No   ( X ) Prior to Hrg

_____ CONSENT TO TRIAL BEFORE MAGISTRATE (Misd / Petty) offense filed.

_____ ARRAIGNMENT HELD. ( ) **indictment** / information     ( ) Dft's WAIVER of appearance filed.

_____ Arraignment continued to _____ at _____ Request of ( ) Govt    ( ) Dft

_____ Dft failed to appear for arraignment.    Bench warrant issued _____

_____ Dft enters PLEA OF NOT GUILTY. ( ) Dft stood mute; plea of NOT GUILTY entered. ( ) Waiver of appearance.

_____ MOTION TO CHANGE PLEA, and order allowing same.

_____ ASSIGNED TO JUDGE _____ for ( ) trial    ( ) arraignment/sentence.

_____ ASSIGNED TO MAGISTRATE _____ for pretrial proceedings.

_____ Estimated trial time: _____ days.     ( ) SHORT     ( ) MEDIUM     ( ) LONG

_____ PRE-SENTENCE INVESTIGATION filed. Referred to USPO for PSI and continued

until _____ at _____ for sentencing.

ARRAIGNMENT - Pg. 2                          Case No.: 1:26-CR-00066
                                             Defendant: Kemith Calvin

_____ Government MOTION FOR DETENTION filed.  Hearing set for _____ at _____

_____ Temporary commitment issued.    Dft remanded to custody of US Marshals Service.

## BOND REVOCATION/ DETENTION HEARING

✓ BOND / PRETRIAL DETENTION hearing held.

✓ Government MOTION FOR DETENTION (✓) GRANTED   ( ) DENIED ( ) WITHDRAWN

✓ WRITTEN ORDER TO FOLLOW.

_____ HEARING HELD on motion for reduction / modification of bond.

_____ Motion for reduction / modification of Bond   ( ) GRANTED     ( ) DENIED.

_____ WRITTEN ORDER TO FOLLOW.

_____ BOND SET at _____

_____ Non-surety

_____ Surety  ( ) Cash     ( ) Property     ( ) Corporate surety ONLY

SPECIAL CONDITIONS:

_____

_____

_____

_____

_____ Bond filed; defendant released.

_____ Bond NOT EXECUTED.   Defendant to remain in Marshal's custody.

_____ Defendant to remain on pretrial release under the terms and conditions set forth in the U. S. District for the

_____

**WITNESSES:** Gov. 1 - Order from Douglas Co.   Gov. 5 - NIBIN Rpt
Gov. 2 - Order from Douglas Co.   Gov. 7 - MD Incident
Gov. 3 - Arrest Warrant                                  Rpt
Gov. 4 - MD Incident Rpt

~~SENTENCE:~~ _____

_____

_____

_____

<u>Order</u>

☐    Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably  favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny.  Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it  effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.